IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RODNEY S. ORR, | Case No. 3:21-cv-00342-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COLETTE PETERS, LEVI R. BUNNELL, JAMES FRENCH, and KEVIN SPROUSE, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Rodney Orr ("Orr"), a former adult in custody ("AIC") of the Oregon Department of Corrections ("ODOC"), filed this action against several ODOC officials: Colette Peters ("Peters"), James French ("French"), Kevin Sprouse ("Sprouse"), and Levi R. Bunnell ("Bunnell") (together, "Defendants")[1], alleging constitutional claims under 42 U.S.C. § 1983.

---

[1] The Court directs the Clerk of the Court to correct the docket to reflect the accurate spelling of the defendants' names: James French, Kevin Sprouse, and Levi R. Bunnell. (*See* Defs.' Answer, ECF No. 31 at 1; Defs.' Mot. Summ. J. ("Defs.' Mot."), ECF No. 42 at 2 n.1; Decl. Levi Bunnell Supp. Defs.' Mot. ("Bunnell Decl.") ¶¶ 6-7, ECF No. 43.)

PAGE 1 – OPINION AND ORDER

(*See generally* First Am. Compl. ("FAC"), ECF No. 10.) Now before the Court is Defendants' motion for summary judgment. (ECF No. 42.)

The Court has jurisdiction over Orr's claims pursuant to 28 U.S.C. § 1331, and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. For the reasons discussed below, the Court grants Defendants' motion for summary judgment.

## BACKGROUND

While incarcerated in ODOC, Orr filed eight claims against various ODOC officials. (*See generally* FAC.) The Court dismissed Orr's first claim because Orr refiled the claim in another case. (*See* ECF No. 30.)

In Claim Two, Orr alleges that Bunnell violated Orr's Eighth Amendment rights "by placing [Orr] in a disciplinary unit for [twenty-eight] days for punishment when [Orr] had done nothing wrong." (FAC at 17.[2]) In Claim Three, Orr alleges that Sprouse violated Orr's First Amendment right to access the courts "by not allowing [Orr] to have his legal paperwork, and legal materials for [twenty-one] days." (*Id.* at 24.) In Claims Four through Eight, Orr asserts that Peters violated his Eighth Amendment rights: (4) "to be protected from violence [by] . . . allow[ing] her subordinates to encourage violence against [Orr] by improperly supervising them"; (5) "by not insuring [sic] the proper treatment of [Orr] by her subordinates because [Orr] was beaten twice by/or at the hands of her subordinates"; (6) "because [her] subordinates, under her supervision, harmed [Orr] by causing him physical pain and mental anxiety"; (7) "because . . . subordinates working under her supervision knowingly knew that

---

[2] Court document citations herein refer to the CM/ECF-generated page numbers. *See generally Atkins v. Stivers*, No. 21-5798, 2021 WL 7084872, at *1 n.2 (6th Cir. Dec. 16, 2021) (explaining that "'CM/ECF' stands for Case Management/Electronic Case Files and is the federal judiciary's case management and electronic filing system").

PAGE 2 – OPINION AND ORDER

harm was being caused to [Orr] and did not stop the harm"; and (8) "because [her] subordinates were working under her supervision when they caused [Orr] undue stress and mental anxiety." (*Id.* at 31, 47, 71, 91, 105.)

## LEGAL STANDARDS

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (simplified).

## DISCUSSION

Defendants move for summary judgment on all remaining claims.[3] With respect to Claim Two (the Eighth Amendment claim against Bunnell), Defendants argue that Orr has failed to establish a genuine issue of material fact regarding whether he faced a substantial risk of serious harm or that Bunnell acted with deliberate indifference. (Defs.' Mot. at 12.) With respect to Claim Three, Defendants argue that the Court should enter summary judgment in their favor because Orr has not alleged an actual injury as part of his First Amendment claim. (*Id.* at 13.)

---

[3] Claim One, which the Court dismissed on February 10, 2022 (ECF No. 30), was Orr's only claim against French. As such, Defendants move to dismiss French from this case. (Defs.' Mot. at 4.) The Court agrees that Orr does not allege French's involvement in any of the remaining claims, and, therefore, the Court dismisses French from this case.

PAGE 3 – OPINION AND ORDER

Finally, Defendants argue that Orr has not exhausted available administrative remedies, nor established a genuine issue of material fact regarding Peters' liability, with respect to Claims Four through Eight. (*Id.* at 5-10, 14-17.) As explained below, the Court grants Defendants' motion for summary judgment on all claims.

I.      CLAIM TWO: EIGHTH AMENDMENT

Orr alleges in his second claim that Bunnell violated his Eighth Amendment right against cruel and unusual punishment "by placing [Orr] in a disciplinary unit for [twenty-eight] days for punishment when [Orr] had done nothing wrong." (FAC at 17.) Defendants argue that Orr has failed to establish a genuine issue of material fact because Orr has not alleged that he faced a substantial risk of serious harm nor that Bunnell acted with deliberate indifference. (Defs.' Mot. at 11.) For the reasons that follow, the Court grants summary judgment on Orr's second claim.

A.      Legal Standards

To establish a claim for relief under the Eighth Amendment based on conditions of confinement, Orr must meet two requirements. "First, the deprivation alleged must be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (simplified). Second, "a prison official must have a sufficiently culpable state of mind," which, for conditions of confinement claims, "is one of deliberate indifference." *Id.* (simplified). "Deliberate indifference" is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837.

The Eighth Amendment also protects against "grossly disproportionate, punitive sanctions." *Walton v. Myrick*, No. 2:16-cv-01548-SB, 2017 WL 2926019, at *2 (D. Or. July 7,

2017) (quoting *Craft v. Grannis*, No. 08-1179, 2010 WL 4796170, at *4 n.3 (C.D. Cal. Aug. 10, 2010)). However, some amount of "administrative segregation . . . is within the terms of confinement ordinarily contemplated by a sentence." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

      **B.**    **Analysis**

The Court agrees that Orr has not alleged a substantial risk of serious harm based on the twenty-eight days that Bunnell housed Orr in the disciplinary segregation unit. Placement in a disciplinary segregation unit alone "is not itself unconstitutional." *Mora-Contreras v. Peters*, No. 6:18-cv-00678-SB, 2020 WL 2089479, at *4 (D. Or. Apr. 30, 2020) (simplified), *aff'd*, 851 F. App'x 73 (9th Cir. 2021). Orr has not alleged that he faced a risk of serious harm arising from the twenty-eight days in segregation, and the bare allegation of isolation for twenty-eight days is insufficient to establish a *substantial* risk of harm. *See Smith v. Powell*, No. 2:14-cv-01725-SB, 2016 WL 11384325, at *9 (D. Or. Jan. 25, 2016) (finding that an allegation of 120 days in a disciplinary segregation unit, on its own, was not sufficiently serious to meet the objective component of the Eighth Amendment analysis), *findings and recommendation adopted*, No. 2:14-cv-01725-SB, 2016 WL 1183086 (D. Or. Mar. 28, 2016), *aff'd*, 693 F. App'x 610 (9th Cir. 2017); *cf. Disability Rts. Mont., Inc. v. Batista*, 930 F.3d 1090, 1098 (9th Cir. 2019) (concluding that "extensive factual allegations about the effect that the prison's punishment practices have on prisoners with serious mental illness," including placement of mentally ill AICs in solitary confinement without significant mental health care for weeks and months at a time, were sufficient to allege a substantial risk of serious harm). In addition, Orr has not alleged that Bunnell was aware of a substantial risk of serious harm or was deliberately indifferent to that risk. (*See* FAC at 17.)

PAGE 5 – OPINION AND ORDER

Even if the Court construes Orr's claim as challenging placement in the disciplinary segregation unit as a grossly disproportionate sanction for "do[ing] nothing wrong," Orr's claim still fails at summary judgment. Orr's attached exhibits reveal that Orr had tested positive for COVID-19 around the time of his segregation and that Bunnell placed Orr in the disciplinary unit to quarantine. (*See* Compl. Exs., ECF No. 1-2 at 133, 196;[4] *see also* Bunnell Decl. ¶¶ 6-7, explaining that Orr had tested positive for COVID-19 and was placed in isolated housing because of his exposure to and positive test for COVID-19.) Accordingly, there is no dispute that Orr was placed in the disciplinary segregation unit to quarantine, and "administrative segregation . . . is within the terms of confinement ordinarily contemplated by a sentence." *Anderson*, 45 F.3d at 1316. The Court therefore grants Defendants' motion for summary judgment on Claim Two.[5]

## II.   CLAIM THREE: FIRST AMENDMENT

Orr alleges in his third claim that Sprouse violated his First Amendment right to access the courts "by not allowing [Orr] to have his legal paperwork and legal materials for [twenty-one] days." (FAC at 24.) Defendants argue that the Court should enter summary judgment on Orr's third claim because Orr has failed to present evidence that he suffered an actual injury. (Defs.' Mot. at 13.) The Court agrees.

///

///

---

[4] Orr attached exhibits to his complaint, available at ECF No. 1-2, hereinafter "Compl. Ex."

[5] To the extent that Orr argues that he has additional evidence that he intended to rely on at trial (Pl.'s Notice, ECF No. 48 at 5), the Court notes that it served Orr with a "Summary Judgment Advice Notice," which informed him, "[i]f you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you." (ECF No. 44.)

### A. Legal Standards

An AIC's right of access to courts is a "First Amendment right subsumed under the right to petition the government for redress of grievances." *Johnson v. Noack*, No. 3:16-cv-00443-SB, 2018 WL 3340876, at *3 (D. Or. July 6, 2018). "The doctrine of standing requires an [AIC] to allege an 'actual injury' due to interference with the [AIC]'s right to access the courts." *Canales-Robles v. Peters*, 270 F. Supp. 3d 1230, 1236 (D. Or. 2017). "The 'actual injury' requirement means an [AIC] suing for denial of access to courts must allege that a 'nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

### B. Analysis

Orr has alleged that he had a pending court case during the twenty-one days that Sprouse allegedly withheld his legal materials. (*See* FAC at 24.) However, Orr has failed to allege or demonstrate that the deprivation of his legal materials for those twenty-one days frustrated or impeded the pending case in any way. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (affirming grant of summary judgment because the plaintiffs had not alleged an actual injury stemming from a typewriter ban); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (affirming grant of summary judgment because the plaintiff had not alleged an actual injury related to delayed copying and notary services), *opinion amended on other grounds on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). The Court therefore grants Defendants' motion for summary judgment on Orr's third claim.

## III. CLAIMS FOUR THROUGH EIGHT: EIGHTH AMENDMENT

Defendants argue, *inter alia*, that the Court should grant summary judgment in their favor on Claims Four through Eight because (1) Orr failed to exhaust available administrative

remedies before filing his claims (Defs.' Mot. at 9-11) and (2) Orr has failed to establish that Peters acted with deliberate indifference (*id.* at 15-17).

### A.      Failure to Exhaust

Defendants argue that the Court should enter summary judgment on Claims Four through Eight because Orr failed to exhaust available administrative remedies before filing those claims. (Defs.' Mot. at 9-11.)

This case is subject to the Prison Litigation Reform Act ("PLRA"). The PLRA requires AICs "to exhaust available administrative remedies prior to filing a § 1983 lawsuit challenging prison conditions." *Draper v. Rosario*, 836 F.3d 1072, 1078 (9th Cir. 2016) (citations omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones v. Bock*, 549 U.S. 199, 219 (2007). Instead, the PLRA requires "[c]ompliance with prison grievance procedures," which vary by state. *Id.* at 218.

The Ninth Circuit has held that the defendant bears the burden of proving that an administrative remedy was available to the AIC and that the AIC failed to exhaust such remedy, because non-exhaustion is an affirmative defense. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). "Once the defendant has carried that burden, the [AIC] has the burden of production." *Id.* "That is, the burden shifts to the [AIC] to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

///

In his FAC, Orr acknowledged that a grievance procedure was available to him and responded "yes" to a check-the-box question asking whether he had "filed a grievance concerning the facts relating to this complaint." (FAC at 2.) Thus, it is undisputed that the grievance process was available to Orr, but the parties disagree whether Orr exhausted the available administrative remedies with respect to his claims against Peters.

In Claims Four through Eight, Orr describes ongoing harassment, harmful broadcasts, and poisoning by ODOC officials. (FAC at 31, 46, 70, 91, 105.) Orr has filed numerous grievances over the years, dating back to at least 2016. (*See, e.g.*, Compl. Ex. at 156.) Among other complaints, Orr appears to have grieved the same issues that he raises in this case: issues of harassment (*see, e.g.*, *id.* at 160, 192), broadcasts encouraging harm against Orr (*see, e.g.*, *id.* at 159, 192), and poisoning (*see, e.g.*, *id.* at 168, 193). Defendants assert that any of Orr's grievances that did not name Peters are not relevant to Claims Four through Eight because those claims allege wrongdoing by Peters. (Defs.' Mot. at 10 n.7.)

While "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances," whether Orr sufficiently exhausted administrative remedies depends on Oregon's grievance procedures. *Jones*, 549 U.S. at 219; *see also Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) ("[T]he PLRA does not require that a[n] [AIC] identify in his initial prison grievance each of the defendants later sued in federal court; rather, to the extent that any such requirement may exist, it must come from prison regulations prescribing the grievance process for that prison." (citing *Jones*, 549 U.S. at 217-19)).

///

///

///

PAGE 9 – OPINION AND ORDER

Different versions of ODOC's policies govern the applicable grievance procedures, depending on the date of the relevant incident.[6] *See Rose v. Patton*, No. 21-35240, 2022 WL 16945893, at *2 n.2 (9th Cir. Nov. 15, 2022) (applying the rule in place at the time of the incident giving rise to the claim). However, both the former and current versions of the applicable rules require AICs to identify the individual whose conduct the AIC is grieving. *See* OR. ADMIN. R. 291-109-0140(5) (2016) ("A separate grievance must be filed for each individual."); *see also* OR. ADMIN. R. 291-109-0210(1) (2019) ("An AIC may only request review of one matter, action, or incident per grievance. . . . If multiple staff or functional units are involved in a single incident, each should be included in a single grievance[.]"). As another judge in this district has recognized, "supervisor inaction [i]s a separate matter, action, or incident, requiring a separate grievance." *Lujan v. Gruenwald*, No. 2:14-cv-01640-MO, 2016 WL 8731437, at *5 (D. Or. Mar. 18, 2016) (granting the defendants' motion for summary judgment on supervisory liability claims because "Plaintiff has brought no grievance pertaining to supervisory inaction in this case"); *see also Gosney v. Gower*, No. 6:16-cv-01072-SB, 2017 WL 4562637, at *4 (D. Or. Sept. 18, 2017) ("Oregon's rules require [AICs] to file a 'separate grievance . . . for each individual' ODOC employee against whom the [AIC] seeks redress. Plaintiff did not file separate grievances against each of the named defendants.") (citation omitted), *findings and recommendation adopted*, No. 6:16-cv-1072-SB, 2017 WL 4560166 (D.

---

[6] Chapter 291, Division 109 of Oregon's administrative rules was amended effective October 18, 2019. *See* OFFICE OF THE SEC'Y OF STATE, *Permanent Administrative Order DOC 16-2019* (Oct. 17, 2019), available at https://secure.sos.state.or.us/oard/viewReceiptPDF.action?filingRsn=42510 (last visited Sept. 21, 2023). The amendment repealed OARs 291-109-0120 through 291-109-190 and replaced them with OARs 291-109-0205 through 291-109-0250.

PAGE 10 – OPINION AND ORDER

Or. Oct. 12, 2017).[7] Thus, the Court agrees with Defendants that the grievances in which Orr did not name Peters did not exhaust administrative remedies with respect to his future claims against Peters.[8]

However, the record also reflects that Orr did name Peters in a grievance dated February 2, 2021. (*See* Compl. Exs. at 200.) In that grievance, Orr alleged that Peters was responsible for a series of incidents from April 30, 2016, to February 2, 2021, at issue in this litigation, due to her failure to supervise subordinates. (*Id.*) The record reflects that grievance officials received and denied Orr's grievance, without explanation, on February 5, 2021. (*Id.*) Notably, the record does not reflect that the grievance officials denied Orr's grievance as untimely, either with respect to the pre-2021 incidents or any alleged January or early February 2021 incidents. *See* OR. ADMIN. R. 291-109-0205(1) ("Grievances must be received by the institution grievance coordinator or designee within 14 calendar days from the date of the incident or issue being grieved, unless the AIC can satisfactorily demonstrate why the grievance could not be timely filed. Untimely grievances will be denied and returned to the AIC with a statement of the rule.").

---

[7] *But see Salmon v. Peters*, No. 2:20-cv-1917-AR, 2022 WL 18584339, at *6 (D. Or. Dec. 15, 2022) ("Defendants cite no ODOC regulation that requires an AIC filing a grievance to name each person who might be a potential defendant in a potential future lawsuit regarding the matter being grieved. [Defendants] are therefore not entitled to summary judgment based on a failure to exhaust available administrative remedies under the PLRA."), *findings and recommendation adopted*, No. 2:20-cv-1917-AR, 2023 WL 1470544 (D. Or. Feb. 2, 2023).

[8] The requirement that AICs name the individual allegedly at fault is important because it provides the individual an opportunity to correct any mistakes before being "haled into federal court." *See Woodford*, 548 U.S. at 89 ("Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,'" and "promotes efficiency" because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.") (simplified).

PAGE 11 – OPINION AND ORDER

Although Defendants argue that Orr's February 2, 2021, grievance naming Peters was untimely with respect to earlier incidents (Defs.' Mot. at 10-11), Defendants do not argue that the grievance was untimely with respect to any January or early February 2021 incidents. (*Id.*) Furthermore, Defendants have not submitted any evidence that Orr failed to complete the grievance process with respect to his February 2, 2021 grievance. Thus, the Court must conclude on this record that Defendants have not met their burden of demonstrating that Orr failed to exhaust his available administrative remedies with respect to his claims that Peters was responsible for her subordinates' misconduct at issue in this case, at least with respect to any incidents that occurred in January or early February 2021.[9]

For these reasons, the Court finds that Defendants have not met their burden of demonstrating that Orr failed to exhaust available administrative remedies with respect to his claims against Peters, and the Court denies Defendants' motion for summary judgment with respect to Claims Four through Eight on this ground.

### B. Eighth Amendment

Turning to the merits of Claims Four through Eight, Defendants argue that those claims are based on the acts of other employees and that Orr has not established a genuine issue of material fact regarding whether Peters acted with deliberate indifference. (Defs.' Mot. at 15-17.) The Court agrees.[10]

---

[9] Because the Court must reach the merits of Orr's claims against Peters, and enters summary judgment in favor of Peters on those claims, the Court does not reach the question of whether Orr's February 2, 2021, grievance was sufficient to meet the exhaustion requirement with respect to incidents that occurred more than fourteen days prior to submitting his grievance, or with respect to an alleged pattern of conduct that continued for years up until the date of the grievance. *See* OR. ADMIN. R. 291-109-0205(1) (quoted above).

[10] The Court therefore does not reach Defendants' argument that the applicable statute of limitations bars Orr's claims. (*See* Defs.' Mot. at 4-9.)

PAGE 12 – OPINION AND ORDER

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A prison official violates the Eighth Amendment only when he or she 'knows of and disregards an excessive risk to inmate health or safety.'" *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001) (quoting *Farmer*, 511 U.S. at 837). An official may be liable under Section 1983 "when culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id.* (citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (simplified). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Id.* at 1207.

Orr has not alleged that Peters was personally involved in any of the underlying incidents. Instead, he alleges that her subordinates encouraged violence and caused him harm (FAC at 31, 46, 70, 91, 105), and argues that Peters must have known about the wrongful conduct because ODOC's policies require correctional officers to report illegal acts and acts that would pose an immediate threat to the safety and security of AICs. (Pl.'s Resp., ECF No. 48 at 37.) However, Orr does not allege nor present any evidence that any of the correctional officers who engaged in the alleged illegal acts submitted reports, or that Peters actually received any reports or knew from other sources of any misconduct by her subordinates. The record before the

PAGE 13 – OPINION AND ORDER

Court shows that Orr did not send any of his communications over the years to Peters, and none of Orr's exhibits indicate that anyone forwarded his concerns to Peters. As such, Orr has not submitted sufficient evidence to establish a disputed material fact with respect to whether Peters knew of and disregarded an excessive risk to Orr's health or safety, and therefore the Court grants Defendants' motion for summary judgment on Claims Four through Eight.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Defendants' motion for summary judgment (ECF No. 42).

**IT IS SO ORDERED.**

DATED this 21st day of September, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 14 – OPINION AND ORDER